Slip Op. 14-73

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| **ZHANJIANG GUOLIAN AQUATIC PRODUCTS CO., LTD.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES,** | : | **Before: Gregory W. Carman, Judge** |
| | : | |
| **Defendant,** | : | **Court No. 13-00388** |
| | : | |
| **and** | : | |
| | : | |
| **COALITION OF GULF SHRIMP INDUSTRIES,** | : | |
| | : | |
| **Defendant-Intervenor.** | : | |

### OPINION & ORDER

[Defendant-Intervenor's motion to dismiss is granted.]

*Robert G. Gosselink* and *Jonathan M. Freed*, Trade Pacific, PLLC, of Washington, DC, for Plaintiff.

*Robin Lynn Turner*, Attorney, Office of the General Counsel, United States International Trade Commission, of Washington, DC, for Defendant. With her on the brief were *Dominic L. Bianchi*, General Counsel, and *Neal J. Reynolds*, Assistant General Counsel.

*Terence P. Stewart*, *Elizabeth J. Drake*, and *Jennifer M. Smith*, Stewart and Stewart, of Washington, DC, and *Edward T. Hayes*, Leake & Andersson, LLP, of New Orleans, LA, for Defendant-Intervenor.

June 26, 2014

CARMAN, JUDGE: Before the Court is Defendant-Intervenor Coalition of Gulf Shrimp

Industries' ("Defendant-Intervenor" or "COGSI") Motion to Dismiss ("MTD") (ECF No. 16) for

lack of case or controversy under Article III of the Constitution and accordingly lack of subject

matter jurisdiction in this court.  Defendant the United States supports COGSI's motion to

dismiss.  ECF No. 20.  For the reasons set forth below, the Court grants Defendant-Intervenor's

motion to dismiss.


BACKGROUND

    This action is one of many challenging the final negative countervailing duty ("CVD")

determination of certain frozen warmwater shrimp from various countries.  *See Frozen*

*Warmwater Shrimp From China, Ecuador, India, Malaysia, and Vietnam*, 78 Fed. Reg. 64,009

(Int'l Trade Comm'n Oct. 25, 2013) (final determination).  The International Trade Commission

("ITC")'s final determination was that the domestic industry "was not injured by reason of

imports."  Pl.'s Opp'n to Def.-Int.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3.  In its preliminary

determination, the ITC "concluded that negligibility was not an issue in the investigations

because the subject imports from all countries investigated were not negligible."  Compl. ¶ 7

(internal quotations omitted).  Plaintiff argued to the agency that the ITC's negligibility

conclusion was not accurate for imports from China because the ITC used data that "included

imports of nonsubject merchandise."  Compl. ¶ 9.  The ITC continued to find Plaintiff's imports

non-negligible in its final determination.  Compl. ¶ 10.  Plaintiff prays for a declaration that the

ITC's conclusion "on negligibility with respect to China" is erroneous and requests a remand to

the ITC regarding negligibility.  Compl. ¶ 15.

        Defendant-Intervenor COGSI moves to dismiss Plaintiff's Complaint because "[t]he ITC

determined the U.S. industry was not injured, and thus no countervailing duty order issued as a

result of the ITC's determination."  MTD at 2.  Defendant-Intervenor argues that Plaintiff

"suffered no harm and has no standing, and the Court has no jurisdiction since there exists no

true case or controversy."  MTD at 3.  Defendant-Intervenor points out that "[s]tanding is one of

the essential elements of the case-or-controversy requirement" and "[u]nder the United States

Constitution, the jurisdiction of federal courts is limited to actual cases or controversies."  *Id.* at 2

(internal quotations and citations omitted).  Accordingly, Defendant-Intervenor asserts that the

Court lacks subject matter jurisdiction to hear Plaintiff's case.  *Id.* at 4.

        In a parallel case challenging ITC's final injury determination, Plaintiff is the defendant-

intervenor and Defendant-Intervenor is the plaintiff.  *See COGSI v. United States*, Ct. No. 13-

00386 (CIT filed Nov. 22, 2013).[1]


                                        JURISDICTION

        Plaintiff carries the burden of establishing that jurisdiction lies.  *See McNutt v. Gen.*

*Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  In this action, Plaintiff claims jurisdiction

is proper pursuant to section 516A(a)(2)(A)(i)(I) of the Tariff Act of 1930, as amended ("the

Act"), codified at 19 U.S.C. § 1516a(a)(2)(A)(i)(I).  Compl. ¶ 1.  Plaintiff brings its claim under

---

[1] *COGSI v. United States*, Court No. 13-00386, is the lead case in a batch of challenges to this investigation.  The court has stayed the balance of the related cases pending the outcome of this lead case.

the propositions that it already suffered injury "during the provisional measure period" and may

"suffer future harm if defendant-intervenor COGSI is successful in its separate appeal" of the

ITC's final negative injury CVD determination.  Pl.'s Opp'n at 6.


DISCUSSION

Jurisdiction is at the heart of this action.  The jurisdiction of federal courts is

constitutionally limited to actions that involve actual cases or controversies.  *Royal Thai Gov't v.*

*United States*, 38 CIT ___, ___, 978 F. Supp. 2d 1330, 1332-33 (2014) ("*Royal Thai*")[2] (*citing*

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)).  A key component of a case or

controversy is standing.  *See* U.S. Const. art. III, § 2, cl. 1; *see also Lujan v. Defenders of*

*Wildlife,* 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and

unchanging part of the case-or-controversy requirement of Article III.").  To establish standing, a

plaintiff must demonstrate an "injury in fact" that is "concrete and particularized" as well as

"actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.  A further

requirement to establish standing is that the injury is "fairly traceable to the challenged action."

*Id*.

It is well-settled in this court that "when a respondent challenges an administrative

proceeding in which it has prevailed there is no case or controversy, and thus no jurisdiction

lies."  *Royal Thai,* 978 F. Supp. 2d at 1333 (citing *Freeport Minerals Co. v. United States*, 758

---

[2] The *Royal Thai* case was recently decided at the Court of International Trade.  While *Royal Thai* challenged the Department of Commerce's duty determination rather than the ITC's injury determination, the arguments of both plaintiffs are strikingly similar. *See generally Royal Thai*, 978 F. Supp. 2d at 1330.

F.2d 629, 634 (Fed. Cir. 1985)).  Similar to the prevailing plaintiff in *Royal Thai*, Plaintiff in this

action prevailed at the administrative level but alleges that a live case or controversy exists

because it wishes to challenge subsidiary issues from the ITC's determination on which it did not

prevail.  *See* Pl.'s Opp'n at 7.  However, the fact that no CVD order has been issued means that

Plaintiff is not suffering any injury due to the errors it alleges the ITC committed.  *See Royal*

*Thai*, 978 F. Supp. 2d at 1333 (*citing Lujan*, 504 U.S. at 560).  The fact that Plaintiff paid cash

deposits while the administrative review was pending does not create an injury sufficient to

confer standing under the Constitution or the Court's jurisdictional statute.  *See MacMillan*

*Bloedel Ltd. v. United States*, 16 CIT 331, 332-33 (1992) (stating that paying deposits [during a

countervailing duty investigation] pending court review is an ordinary consequence of the

statutory scheme and cannot be addressed while the investigation is pending).  The statute

requires that the cash deposits be returned.  *See* 19 U.S.C. § 1671d(c)(2)(B); *see also Royal Thai*,

978 F. Supp. 2d at 1333 (finding no case or controversy where cash deposits are returned to a

prevailing party).  Because no cash deposits are due at this time, and all previously paid deposits

either have been or will be returned to the subject producers pursuant to statute, Plaintiff cannot

claim monetary injury.  Without injury, there is no standing and thus no case or controversy.

The mere fact that Defendant-Intervenor appealed the ITC's final negative injury

determination in a parallel case, creating the possibility of a future reversal of the ITC's negative

injury determination, does not create standing in this case.  Speculation of an administrative

reversal is hypothetical, and hypothetical harm cannot provide jurisdiction.  *See Royal Thai*, 978

F. Supp. 2d at 1333 (citing *Asahi Seiko Co., Ltd. v. United States*, 35 CIT ___, ___, 755 F. Supp.

2d 1316, 1322 (2011)).

Plaintiff alleges that dismissing this case while hearing "COGSI's claims in Court No. 13-00386" would "defy notions of fairness." Pl.'s Opp'n at 8 n.3.  This same argument was made by the plaintiff in *Royal Thai* and failed:

> Plaintiff's concerns are misplaced.  In the event that COGSI succeeds in its appeal of Commerce's determination, Commerce will be required to publish a redetermination on remand.  If this occurs, plaintiff will still have a right to challenge that redetermination, either during the course of any remand or in a new suit, even if this case is dismissed at this juncture.

*Royal Thai*, 978 F. Supp. 2d at 1334 (citation omitted).  Plaintiff in the instant case would have the same right to challenge the redetermination as the plaintiff in *Royal Thai*.

Defendant-Intervenor argues that Plaintiff "asks this Court to issue an advisory opinion on a subsidiary issue when it has suffered no real injury due to [the negligibility] issue and when the relief requested would not redress any such injury." Def.-Int.'s Reply at 5.  The Court agrees.  The United States Supreme Court has made it clear that the United States Constitution does not permit courts to issue advisory opinions.  *See Camreta v. Greene*, 131 S.Ct. 2020, 2038 (2011) ("judicial Power is one to render dispositive judgments, not advisory opinions") (quotations and citations omitted).

Because it has suffered no injury, Plaintiff has no standing and no case or controversy exists.  Therefore this Court lacks jurisdiction.  Accordingly, the Court grants Defendant-Intervenor's motion to dismiss.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant-Intervenor's motion to dismiss is granted without prejudice.

Judgment to enter accordingly.

/s/Gregory W. Carman
Gregory W. Carman, Judge

Dated:   June 26, 2014
         New York, NY